Robinson *v.* J. A. Riggs Tractor Co.

5-3567                                      389 S. W. 2d 629

Opinion Delivered May 3, 1965.

*John B. Hainen,* for appellant.

*Smith, Sanderson, Stroud & McClerkin,* for appellee.

Paul Ward, Associate Justice. This litigation stems from the sale of a heavy piece of earthmoving equipment, known as a traxcavator. The traxcavator was sold to W. W. Robinson (appellant) on May 9, 1962 by J. A. Riggs Tractor Co. of Little Rock (appellee), on a conditional sales contract, for the price of $23,743.68. There was a trade-in allowance of $665 and the balance payable in monthly installments of $638.68 each.

It was the understanding of both parties that the traxcavator was *new* equipment and *not used* equipment when the sale was consummated. It is admitted by appellee that it gave a warranty on all *new* equipment (including this traxcavator) for six months from the date of sale. Appellee did not give a warranty on any *used* equipment sold by it.

Appellant kept and used the traxcavator from May 9, 1962 until about the first of February, 1964, although he became delinquent in his monthly payments on October 9, 1962, and never thereafter became current.

On February 19, 1964 appellee filed suit in chancery court seeking judgment for the balance due and to impress a lien on the traxcavator to secure payment of any judg-

ment found against appellant. Appellant answered, in effect, that after using the traxcavator for some months he learned that it was not *new* equipment (as represented by appellee) but that it was *used* equipment when sold to him, and also that appellee elected to take the traxcavator in full payment of any balance due on the same.

On the issues above joined a hearing was held which resulted in a decree in favor of appellee. In a written memorandum opinion the trial court said: ''. . . the Court has carefully considered all the evidence in this case and finds that the real weight of the testimony preponderates in favor of the plaintiff. . . .'' The court entered judgment for the amount due appellee, and held it was secured by a lien on the traxcavator; that if appellant did not pay the judgment by October 23, 1964 the clerk (as commissioner) would sell the traxcavator and apply the proceeds to the judgment. The final result (after the sale and application of the proceeds) was a deficiency judgment against appellant in favor of appellee in the amount of $14,004.43 and costs.

Appellant now prosecutes this appeal urging a reversal on two points. The first point is that the weight of the evidence shows the traxcavator was a ''used machine'' when it was sold to him. The other point is, in substance, the same as the first one and need not be discussed.

On the vital question of whether the traxcavator was *new* (as claimed by appellee) or was *used* (as claimed by appellant) when sold we agree with the trial court's finding that ''the real weight of the testimony preponderates in favor of the plaintiff''.

Appellant relies on two separate facts or circumstances to establish that the traxcavator was *used* equipment when he bought it. These will be discussed separately.

(a) After appellant had used the equipment several months he had occasion to remove a track from the traxcavator and found ''several rocks'' with paint on them. Three such rocks or gravel were introduced in evidence

but are not among the exhibits on file in this Court. These painted rock, in the opinion of appellant and two of his employees, indicated the equipment had been used before it was purchased by appellant. On the other hand there was testimony by people who had worked with this kind of equipment that this could happen to new equipment. Also, the vice-president of appellee (who had been with the company thirty-two years) testified that he saw the gravel or rocks in question; that he had frequently visited the factory which made the traxcavator; that he knew it was usual for new equipment to be placed on a thirty-acre lot of ground covered with gravel very much like the said exhibits; that later it was driven off the lot and painted before being shipped; and, that this fact could account for the gravel in question.

(b) After the traxcavator had been in use by appellant for several months he discovered that the two batteries on the traxcavator were not exactly the same size, that the metal frame which held them had been bent and would not hold two batteries of the larger size. This, to appellant, indicated the equipment had been used when he bought it from appellee. There was testimony by appellee however that the record showed the batteries were installed by appellee while the equipment was in its possession before it was sold.

In addition to the above, the testimony shows that on several occasions when appellant was asked to make up the past due payment, he offered to do so but made no claim the traxcavator had been used when he bought it. Several witnesses, who were longtime employees and who were familiar with the records and inventories kept by appellee, testified positively that this particular traxcavator was new, and had never been used, when it was sold to appellant.

In view of the state of the record wherein only a fact question is involved, we are unable to say the decree of the trial court is not supported by a preponderance of the evidence.

Affirmed.